**In re Virgil Turner THURSTON and Bonnie Joan Thurston, Debtors.**

**Bankruptcy No. 91–20145–C.**

United States Bankruptcy Court, W.D. Missouri, C.D.

Aug. 21, 1991.

Jerry W. Venters, Jefferson City, Mo., for Bank of Cairo & Moberly.

David A. Johnston, Columbia, Mo., for debtors.

Jack E. Brown, Columbia, Mo., trustee.

## ORDER

FRANK W. KOGER, Chief Judge.

The Debtor has filed a motion for valuation of security and avoidance of the lien held by the Bank of Cairo and Moberly (hereinafter "Bank") on a $1,000,000.00 term insurance policy on the debtor's life. Debtor is proceeding under Bankruptcy Rule 3012 and 11 U.S.C. Section 506(a).

In 1983, the Debtor arranged for a $600,000.00 business loan through the Bank for the purpose of constructing a new restaurant. As a condition to granting of the loan, the Bank required the debtor to obtain a life insurance policy in the amount of $500,000.00 and assign the proceeds of the policy to the Bank to repay the loan in the event of his death. The Debtor apparently already possessed a term life insurance policy in the amount of $500,000.00 and proceeds of this policy were assigned to the Bank to secure the loan. At some later date, the Debtor increased the face amount of this policy to $1,000,000.00.

■ The Debtor argues essentially that the value of a term life insurance policy is zero because, by the nature of term insurance, it has no cash surrender value. The argument continues that since the collateral has no value then the secured portion of the Bank's claim is zero and the full amount of the Bank's claim is unsecured under Section 506(a). The Debtor asserts that "[i]f a creditor's secured claim is zero and its unsecured claim is all that remains, that remaining claim is discharged and any lien must also be discharged".

The Court finds itself unable to determine the value of the insurance policy that is the subject of Debtor's motion. Debtor's contention that the policy has no value is plainly without basis. The debtor has admittedly granted the Bank a security interest in the contract right to receive $500,000.00 in the event of Debtor's death. There is no question that this is a valuable right. Certainly, the Debtor believes such a right to have substantial value as evidenced by the fact that he pays an annual premium of $3,160.00 to keep the subject policy in force. It would be curious indeed for the Debtor to pay such an annual premium for a right with zero value. Additionally, testimony of Mr. Jack Valentine, the Debtor's insurance agent indicates that due to the Debtor's medical condition, he would be unable to obtain similar coverage today. Further, Mr. Valentine testified that in the event that the Debtor defaulted on the policy premiums, the Bank would have the right to make the payments to keep the policy in force. Both of these factors tend to increase the value of the collateral to the Bank.

The collateral clearly has substantial value to the Bank, but the parties have not submitted information to the Court sufficient to allow a determination of the present value of the collateral. Therefore, the Court cannot at this time make a determination that any portion of the Bank's claim is unsecured under 11 U.S.C. Section 506. Accordingly, Debtor's motion for valuation of security under 11 U.S.C. Section 506 is DENIED.

■ The Debtor's contention that the Court should avoid the Bank's lien on the Debtor's insurance policy is without merit. The Debtor argues that he has claimed the insurance policy as exempt property under Mo.Rev.Stat. Section 513.430(7) and that the Bank's security interest impairs such exemption. Certainly an unmatured life insurance contract is exempt property under Mo.Rev.Stat. Section 513.430(7), but 11 U.S.C. Section 522(f) provides for avoidance of liens which impair exempt property only

under narrowly limited circumstances and since a security interest in an unmatured life insurance contract is not one of the enumerated categories under 11 U.S.C. Section 522(f) that section does not aid the Debtor. The Court has been unable to find any bankruptcy or other type of case that is directly in point. Nor has the Debtor directed the Court to any other authority under which the Bank's lien may be avoided. The Debtor's motion to avoid the Bank's lien is DENIED.

SO ORDERED.